**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                    )
MOHAMEDUO OULD SLAHI,               )
                                    )
    Petitioner,            )
                                    )
v.                                  )    Civil Action No. 05-881 (RWR)
                                    )
GEORGE W. BUSH et al.,              )
                                    )
    Respondents.           )
_____ )
                                    )
CHAMAN,                             )
                                    )
    Petitioner,            )
                                    )
v.                                  )    Civil Action No. 05-887 (RWR)
                                    )
GEORGE W. BUSH et al.,              )
                                    )
    Respondents.           )
_____ )
                                    )
ABDULHAZER,                         )
                                    )
    Petitioner,            )
                                    )
v.                                  )    Civil Action No.: 05-1236 (RWR)
                                    )
GEORGE W. BUSH et al.,              )
                                    )
    Respondents.           )
_____ )
                                    )
ADBUL MAJID HOHAMMADI,              )
                                    )
    Petitioner,            )
                                    )
v.                                  )    Civil Action No.: 05-1246 (RWR)
                                    )
GEORGE W. BUSH et al.,              )
                                    )
    Respondents.           )
_____ )

-2-

## MEMORANDUM OPINION AND ORDER

Petitioners in each of the above-captioned habeas corpus proceedings are foreign nationals detained at Guantanamo Bay in the custody of the United States who challenge the legality of their detention.  Each petitioner is proceeding <u>pro</u> <u>se</u> and <u>in forma</u> <u>pauperis</u>.  Because discovery provisions of the Federal Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings, and because it must be presumed that the petitioners are not familiar with the legal system of the United States, a preservation order will be entered, <u>sua</u> <u>sponte</u>, in these proceedings.

The Supreme Court's opinion in <u>Harris v. Nelson</u>, 394 U.S. 296 (1969), makes clear that while "the power of inquiry on federal habeas corpus is plenary," <u>id</u>. at 291, the discovery provisions of the Federal Rules of Civil Procedure do not automatically apply in whole to federal habeas corpus proceedings, <u>see</u> <u>id</u>. at 294 n. 5, 298-99.  Therefore, the preservation obligations that flow to a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent some express application by a court.  Accordingly, a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure

-3-

of the facts on the public record to authorize the challenged

detention, is necessary to ensure the fairness and completeness

of any evidentiary hearing held in conjunction with these

proceedings.  Harris v. Nelson also makes clear that a district

court's authority to issue orders pursuant to 28 U.S.C. § 1651 in

aid of its fact-finding obligations in habeas corpus proceedings

is intended to be flexible and should be exercised as the

circumstances require for a proper and just disposition.

> [The Supreme Court has] held explicitly that the
> purpose and function of the All Writs Act to supply the
> courts with the instruments needed to perform their
> duty [to issue orders appropriate to assist them in
> conducting factual inquiries] . . . extend to habeas
> corpus proceedings.
>
> At any time in the [habeas corpus] proceedings, when
> the court considers that it is necessary to do so in
> order that a fair and meaningful evidentiary hearing
> may be held so that the court may properly "dispose of
> the matter as law and justice require," either on its
> own motion or upon cause shown by the petitioner, it
> may issue such writs and take or authorize such
> proceedings with respect to development, before or in
> conjunction with the hearing of the facts relevant to
> the claims advanced by the parties, as may be
> "necessary or appropriate in aid of [its jurisdiction]
> . . . and agreeable to the usages and principles of
> law."  28 U.S.C. § 1651.
>
> . . . Obviously, in exercising this power, the court
> may utilize familiar procedures, as appropriate,
> whether these are found in the civil or criminal rules
> or elsewhere in the "usages and principles of law."

394 U.S. at 299-300 (footnote omitted).  In short, "the power of

inquiry on federal habeas corpus is plenary" and its exercise

-4-

depends entirely on the circumstances.  <u>Harris v. Nelson</u>, 394

U.S. at 291.  Accordingly, it is hereby

ORDERED that respondents shall preserve and maintain all

evidence, documents and information, without limitation, now or

ever in respondents' possession, custody or control, regarding

the individual detained petitioners in these cases.

SIGNED this 18th day of July, 2005.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge